NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELKS MEDIA,<br><br>      Plaintiff,<br>  v.<br><br>ONLINENIC; BELK STORES SERVICES, INC.,<br><br>      Defendants.<br>_____/<br>BELK STORES SERVICES, INC.,<br><br>      Counterclaimant,<br>  v.<br><br>BELKS MEDIA,<br><br>      Counterdefendant.<br>_____/ | No. C09-00198 HRL<br><br>**ORDER (1) GRANTING BELK STORES SERVICES, INC.'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS; AND (2) DENYING AS MOOT PARTIES' JOINT REQUEST FOR TELEPHONIC APPEARANCE**<br><br>**[Docket Nos. 35, 38]** |

Plaintiff/counterdefendant Belks Media ("plaintiff" or "Belks Media") and defendant/counterclaimant Belk Stores Services, Inc. ("defendant" or "Belk Stores") each claim to be the rightful owner of the domain name "belks.com." Defendant previously filed a Uniform Domain Name Dispute Resolution Policy complaint with the National Arbitration Forum, which declared defendant to be the legitimate owner of the "belks.com" domain name.

Plaintiff then filed an action in state court, seeking a judicial declaration that it is the rightful owner of "belks.com." Defendant removed the matter to this court, asserting federal question jurisdiction. Shortly after, defendant asserted counterclaims for a declaration of its right to the "belks.com" domain name (15 U.S.C. § 1125(d)), as well for damages and attorney's fees for alleged trademark infringement (15 U.S.C. §§ 1114, 1125(a)).

Belk Stores now seeks leave to add a new defendant, China Internet Ltd. ("CIL"), to its counterclaims. Plaintiff opposes the motion. The matter is deemed appropriate for determination without oral argument. See CIV. L.R. 7-1(b). The August 11, 2009 hearing is vacated, and the parties' joint request for leave to appear at that hearing by telephone is denied as moot. Upon consideration of the moving and responding papers, this court grants the motion.[1]

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Belk Stores says that amendment of its counterclaims is necessary because, based on plaintiff's April 7, 2009 amended certificate of interested entities and subsequent initial disclosures (as well as defendant's own independent investigation prompted by these disclosures), it believes that CIL is liable for the alleged cybersquatting activities and trademark infringement. There is no dispute that CIL is plaintiff's parent company. Belk Stores contends

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties that have appeared have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. There is no dispute that OnlineNIC, Inc. is merely a nominal defendant that has no stake in these proceedings.

2

1 that, in order to shield itself from liability, CIL has a practice of establishing shell corporations
2 to conduct cybersquatting activities with respect to known marks, including "belks.com." (Mot.
3 at 3; Proposed Amended Counterclaims, ¶¶ 3-6, 16). Plaintiff is alleged to be one such shell
4 company – a mere instrumentality and alter ego of CIL. (See Proposed Amended
5 Counterclaims, ¶¶ 3, 6). Defendant further claims that it has evidentiary and circumstantial
6 support for its allegations that CIL and plaintiff are legally indistinguishable. For example, they
7 are alleged to share offices, as well as employees (including an individual identified as Lu A.
8 Feng). (Proposed Amended Counterclaims, ¶ 5; Reply at 2-3).

9 Plaintiff opposes the motion on the grounds that the proposed amendment will be futile
10 and prejudicial. It says that CIL is not a registered owner of "belks.com" and therefore can
11 never be liable with respect to Belk Stores' allegations. It further asserts that CIL and Belks
12 Media are separate entities that have no alter ego relationship. Belks Media believes that
13 defendant's contentions are (thinly) based on a publicly available decision concerning Lu A.
14 Feng and a different domain name ("orbis.com"), in which WIPO (World Intellectual Property
15 Organization) concluded that there was no bad faith in the use of the domain name in question.
16 Plaintiff argues that the instant motion should be denied in any event because the requested
17 amendment will cause undue delay and expense in this litigation.

18 In essence, plaintiff contends that the proposed amendment will be futile because
19 defendant will not be able to prove its allegations as to CIL's liability. However, "a proposed
20 amendment is futile only if no set of facts can be proved under the amendment to the pleadings
21 that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc.,
22 845 F.2d 209, 214 (9th Cir. 1988). Whether Belk Stores will be able to prove its allegations
23 here as to "belk.com" remains to be seen; and, each side will have an opportunity to present its
24 arguments as to the evidence. On the instant motion, however, the only issue is whether Belk
25 Stores should be permitted an opportunity to plead claims against CIL. Plaintiff's assertion as
26 to the non-existence of an alter ego relationship with CIL raises factual issues rather than
27 defects that would subject defendant's counterclaims to dismissal. On the record presented, this
28 court cannot conclude that defendant will be unable to prove CIL's liability as a matter of law.

See, e.g., Bleu Products, Inc. v. Bureau Veritas Consumer Prod. Servs. (Hong Kong) Ltd., No. CV08-2591, 2009 WL 649061 *5-6 (C.D. Cal., Mar. 9, 2009) (declining to find, on a motion to amend the complaint, that plaintiff would not be able to establish alter ego liability as a matter of law).

Moreover, this court does not find that the proposed amendment was unduly delayed or brought in bad faith. Nor has plaintiff managed to persuade that the amendment will impose undue prejudice. The instant lawsuit is still in its relatively early stages. Fact discovery remains open for several more months through November 13, 2009, and trial is not set to begin until April 26, 2010.

Based on the foregoing, IT IS ORDERED THAT defendant's motion for leave to amend its counterclaims is GRANTED. Defendant shall file its amended pleading as a new docket entry within ten days from the date of this order. Response to the amended counterclaims shall be made in accordance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(3).

Dated:    August 5, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:09-cv-198 Notice has been electronically mailed to**:

Jason Matthew Sneed jason.sneed@alston.com

Jen-Feng Lee jflee@ipfirm.us, amk@worldesquire.com, dhsu@ipfirm.us, jflee@worldesquire.com, ktanji@worldesquire.com

Larry J. Johnson larry.johnson@alston.com, sissel.browder@alston.com

Theresa Conduah theresa.conduah@alston.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.